Case No. 18, S. 34, Harding v. Appellant, United States of America v. Charlotte and Bay Sanctuaries, also known as Frederick Davis, also known as Charlotte and Bay Pottinger, Appellant. Mr. Joseph for the Appellant, Mr. Chainer for the Appellant. Good morning, Your Honors. Good morning, Mr. Joseph. If I may, please, support. I'm for the defendant, Appellant's movements below. I'll judge by the 10 minutes per side that of the many issues presented, you're going to focus on one, maybe two. But I would like to briefly describe probably an issue that you're perhaps not going to get to, which is the legal errors below in the decision, which presupposes we have jurisdiction to get there, and the issue of misconduct. You can do this in any order you want, but I would like to hear about jurisdiction at some point. Okay. I think we only have a little bit of time, so we should go straight there. In particular, on that point, why the distinction between with prejudice and without prejudice has any bearing on the Well, the two movements provided affidavits that describe how the cloud of the accusations against them are injuring them reputationally, Mr. Dasken with regards to immigration. So that's the Article III case of controversy there. I understand the cloud of accusations question, but in the end of his opinion, the district judge said, I'm not addressing here any motion to expunge, only addressing with or without prejudice. And what's at stake with the distinction between with prejudice and without prejudice is the susceptibility or not to retrial, to reindictment, to reindictment. And here, if there's a time bar, there's no risk of reindictment. And even if there were, that, I mean, without prejudice dismissal could be because of want of probable cause. A with prejudice dismissal could be for reasons other than a want of probable cause. So it just seems to me that the causation of addressability are missing here. Or that's an argument, I guess I'm asking you, are they? Or if they're not, why not? That's a good question. The other side didn't raise it, so that's, it may be that we need to brief that after this, but I'll try to answer it. The injury is from the cloud. So, for example, if all we wanted was a dismissal of prejudice, we could cite the statute of limitations now and get to that. I don't think re-prosecution is likely. What we're trying to do is exonerate. And that is to remove the cloud, and that is that there was no probable cause. The government has admitted that, essentially, count one didn't happen, or rather, that's me, that's my shorthand, rather, other people did it, and the government has admitted that we got all of them. So the district judge inserted, oh, but these guys might have been responsible too, but that's contrary to the government's admissions, which is, we got all of them. So, sorry, you are challenging the probable cause determination by the grand jury on the front end? I don't think so. I think what we're challenging is... Right, because you'd have a pretty big problem under Caley. Absolutely. I've never tried to go back to 2004, which is when the grand jury acted, or maybe it was 2003, I'm sorry. What we're saying is that the government, by continuing this case, after it cratered in New York in 2007-8, and it started cratering here, moved to New York, and finished cratering, that that was, they continued to pursue, the United States was an active party in extradition proceedings in Barbados, represented by counsel. And so they continued, they never admitted to that court that, oh, the case has cratered, we admit it's only about the two kilograms in Barbados. They kept going, they countenanced, they didn't need to ask for the gentleman to be locked up, to have bail revoked. So then the United States comes to the court below, the district court here, and matter-of-factly, slips in on Christmas Eve, a motion to dismiss, oh, it's been an old case, let's just let it go. I mean, you're coming to points for sanctions and stuff. I just want to focus on what the stigmatizing injury is here. It's the pendency, it's the... No, they're called drug dealers. I mean, I've written letters to websites that take that down, and what I got was the word alleged inserted in front of drug dealer. That's not in the record, but that's an example. It's the stigmatizing effect of a grand jury indictment, which we can't do anything about, plus the pursuit for some years of a criminal prosecution, which the government has now abandoned. Well, so the government got on a tiger by bringing a false case, and then the government was allowed to dismount rather easily. And our argument is the government should not be allowed to dismount so easily. They misled the court in asking to dismiss the case. They misled the court in Barbados from 2008 onwards. But that's the civil case. There's a civil case for malicious prosecution and false imprisonment, and that's the place to make that claim, no? I'm not sure what the law is on that. That case has been, the judge, Sue Esponti, stated we have the same judge in the civil and the criminal case. My thinking, to be honest, is that we have a hard time on immunity in that. So I see there as being three parts. Did the government do wrong? If so, are they immune? And if not, let's talk about money. That's the civil case. I don't know how we get past that second hurdle. Maybe we can, maybe we can't. There's theories that one can raise. But if we can hear, I think we have a, quote, cause of action here, which is an opposition to the 48A motion, essentially, or a counter motion to dismiss, or a sanctions motion. And so we can exonerate them. I'll call that a win. I mean, it would be lovely to get money. But I would, of the three tiers that I described for the civil case, this case meets the first tier, which is did the government do wrong? So if there were a timely trial, re-indictment and trial, and your clients were acquitted, you would not be here. The harm that you're asserting would not exist, in your view. So that would look, if they were found innocent, that would, they were not guilty. They would be acquitted. They would be acquitted, right? Yes, if they were acquitted. I'm sorry. An acquittal, however, is not a finding that there was never probable cause in the first place. Well, it depends on what you're acquitted on, again. But it isn't. It just isn't a finding that there was no probable cause in the first place, unless there is also some determination that the evidence was false, in which case the court would have to go over and above the acquittal and move for some kind of expungement of arrest or indict, right? So even, I mean, you wouldn't be here if there were an acquittal, you said. I think that's right. I mean, it depends on the basis of the acquittal, I guess. I don't care. But also, at the end of his opinion, the district judge said that he referred to a request that the motion, that the relief be without prejudice to a future motion to expunge Mugan's arrest records. Yeah, we asked for that. For lack of probable cause. And then he said, should Mugan seek additional relief following the court's decision on the motion on with prejudice, without prejudice, the court will address that request. I didn't find any such motion in the record. Did you make such motion? We appealed this, and we've been waiting for that result. But so you didn't actually. We have not filed anything yet. Okay, we'll give you more time if there are more questions. Good morning. May it please the court. Vijay Shankar for the United States. Your Honors, my colleague's own argument makes clear why it is that his client is not entitled to the relief they seek. As he put it, they seek exoneration. And as Your Honor recognized, that's not what even a dismissal with prejudice provides defendants. On the question of jurisdiction, do you think this is more appropriately regarded as a problem of no finality or a problem of no injury? Because Parr talks about both. Right. And we do think it is both, Your Honor. They are sort of wrapped up together. There's no injury because the defendants do have gained a favorable ruling. Let's just try to unpack them for a second. So just on finality. Right. Right. That opinion is one in which there is a second indictment, and the court's analysis of finality is premised on the pendency of the second indictment, and they say the dismissal of the first one is interlocutory because the case is going on through the second one. We don't have that here. This dismissal is final, at least in the intuitive sense, that it leaves the district court with no further judicial labor. There's nothing else he has to do. That's right, Your Honor, but finality for these purposes, for purposes of appellate jurisdiction under 1291 in the criminal context, the courts have made clear, including the Supreme Court, does require a final judgment, and that's in the statute, and the final judgment in the criminal context does consist of a conviction and sentence. That is the judgment. This case is time-barred. There's no dispute about that, is there? There is no dispute. I will say, Your Honor, it does get a little complicated with Section 3288, which does speak of an appeal from the dismissal of an indictment tolling the statute of limitations. Now, I do think a common-sense reading of that statute, I didn't find any cases on this, a common-sense reading of that statute would have to contemplate an appeal by the government from the dismissal of an indictment, which would then toll the statute of limitations. But here we have an appeal by the defendants from denial of a motion to alter the dismissal of the indictment. So I do think it gets a little complicated. I think for our purposes the government would essentially acknowledge that the statute of limitations ran in 2009. There's certainly, from our perspective, no interest in a new prosecution here. You say you would essentially acknowledge. And would you acknowledge, it would make it a record cleaner, would you acknowledge that there is no interest in a new prosecution and that? Yes, Your Honor. Yes, Your Honor. So turning back to Judge Katz's question, I think finality here has to entail a final judgment, which can consist of conviction and sentence. And it's a little bit of a counterintuitive notion that you could never have a final judgment resting on some threshold ground as opposed to an adjudication on the merits. I mean, if there were no special statutes, jurisdictional statutes between 1290, other than 1291, and an indictment were dismissed, for some reason you think is completely indefensible, is it really your position that the government couldn't appeal that through 1291 because the dismissal is not a conviction on the merits? Well, the government can appeal the dismissal of an indictment under Section 3731. Which is why I said assume no other statutes. Oh, sorry. Just to test the 1291 instinct. If there was no 3731, I think it's probably fair to say that that would not be a final judgment. I mean, that's the very purpose that Congress enacted 3731 in that situation. Otherwise, the government would have no recourse if there was a dismissal of the indictment pretrial. But I think that's why the concepts are wrapped up together, finality and lack of injury, because the defendants do stand presumptively innocent of these charges. There are no pending charges against them. They received a favorable decision. The only way they would have recourse to an appeal here is if they were then retried or tried, convicted, and sentenced. And then they would have an opportunity to challenge the dismissal of the indictment. But there is precedent, not in this circuit, but precedent and reasoning, that an indictment that is dismissed without prejudice in some cases perhaps should be dismissed with prejudice as a sanction for prosecutorial misconduct. And if a defendant were in that position and the limitations period had run so that there wasn't going to be the par, you know, subsequent proceeding to final judgment and sentence, is it your position that there would be no finality there from which a defendant could take an appeal? There wouldn't be, Your Honor. If the defendant moved to dismiss or sought to challenge the dismissal and argued for a dismissal with prejudice, and the district court denied that, I mean, that's essentially where we are now, and the government chose not to re-prosecute or the statute of limitations had run, that would be the end of the case. The defendants, again, have no charges pending against them. They are not injured and there would not be a final judgment for purposes of 1291 in the criminal context. But there would be, by hypothesis, and again, that's not our precedent, but to the extent that if one were to accept precedent that says sometimes with prejudice dismissal is the appropriate sanction, you're saying, well, that would no longer be a sanction because the government's already been disabled by the time bar. That's right. So it would be a sanction in the air. Right, and this does go back to, I think, your opening question to my colleague, which is what does a dismissal with prejudice do other than prevent the government from re-prosecuting the case? I'm not sure it does anything. It certainly doesn't do what my colleague is asking for it to do, which is exonerate his clients. It doesn't do that any more than a dismissal without prejudice fails to exonerate his clients. What about for purposes of precedent and closing the books in a correct manner, there's a constitutional violation and prosecutorial misconduct, and the district judge just blinked and didn't find that it was so, and the court looking at that said, that's just error, and the defendant looking at that says, it's not about me facing further prosecution. It's what happened in this case and how that should be reflected in the nature of the dismissal. The reason that a dismissal with prejudice sanctions the government is that it prevents re-prosecution. It is a sanction. That's why courts have called it the most extreme sanction. But it may also be symbolic in the sense that, as here, a dismissal without prejudice, the government learns from its mistakes, thankfully, and looks at the situation and says, we're not going to re-prosecute this. In a hypothetical case, the court told us we violated the Constitution. The court told us there was prosecutorial misconduct. We can read the writing on the wall. But if the defendant and the court and the law says, no, no, no, much more serious, you still think that there's no finality for purposes of correcting the record on that. There's not, Your Honor, because the record that would be sought to be corrected in that instance is the grand jury's finding of probable cause. Well, I'm actually, on my hypothesis, posing something different, that the record is that is the use of the nature of the dismissal to send a quieter, more tolerant, or a louder, more scolding message. Well, Your Honor, I'm not sure that that's really what a dismissal with prejudice does. I mean, the message it sends is through. Well, what do you think a dismissal with prejudice does? You think it's just a single consequence? I think the sole consequence of a dismissal with prejudice, although it may, the district court obviously may seek to send messages through its word. Well, yeah, I mean, I think that's pretty obvious in some cases. Right. If a district court judge elects to dismiss with prejudice, it's more than the simple consequence that you can't re-prosecute. It's for a reason. The underlying reason why we're not going to allow you to re-prosecute comes along with the dismissal with prejudice. I mean, for you to suggest that the only consequence is you can't re-prosecute ignores the reason why you can't re-prosecute, I think is what the defendant is trying to get. Well, I think it's the only consequence that the defendant has any cognizable stake in. Well, that's the standing question. That's the standing question. I mean, that's what we're pushing in front. Right. The finality is so counterintuitive, it doesn't make a lot of sense. There are reputational consequences, and maybe beyond, that a defendant can show. It matters whether I can show, whether it's on the Internet or otherwise, not just that they can't re-prosecute me. It affects my life, and a district court judge has that available to say, no, to the government, not only can you not prosecute again, but I am effectively admonishing you or letting the public know that there are some things that have gone on here that were not acceptable, and that's why you can't prosecute again. Your Honor, may I answer? Yeah. Your Honor, the reputational injury that you contemplate in that hypothetical, I don't think could be addressed by a district court in a dismissal, even a dismissal with prejudice, and that's because, again, the grand jury has already found probable cause to indict, and the Supreme Court in Caley- Who knows about how the case is being pursued? I'm sorry? How the case is being pursued? Well, certainly the district court could, through its language, sanction the government for the handling of the case. Right. If at some point there was a motion, sort of a Bank of Nova Scotia situation, where the defendant has argued that the indictment was obtained through, for example, perjured testimony, the district court would then have to determine whether in the absence of that perjured testimony there was still probable cause to indict. We don't have that situation here. Short of that, the fact of reputational injury that results from a grand jury's, properly constituted grand jury's, finding of probable cause simply cannot be erased by the district court, even if the district court wanted to dismiss the indictment with prejudice. That's Caley. Be that as it may, the case I'm thinking of is the Fifth Circuit's case in Salinas, 693F2nd348, where the court of appeals reversed the district court's dismissal of an indictment without prejudice because it became clear that the reason that the government sought the dismissal without prejudice was because it didn't like the jury that got impaneled. And the district court said, without prejudice, the court of appeals said, no, no, that is not okay. And the sanction there was for the court of appeals to say, that's got to be dismissed with prejudice. And the question is, is it your view that in the posture that we have here, we could not make that kind of determination in order to make clear that that is a showstopper? That kind of conduct by a prosecutor is a showstopper. You could make that clear, Your Honor, but you could only do it after the defendant has been convicted and sentenced, and then appeals from, following final judgment, appeals from the district court's denial, I'm sorry, dismissal with prejudice as opposed to without prejudice. Because of finality concerns? Finality concerns? Yes, Your Honor. Who said that? This court has said that. In fact, in the case of Poindexter, which we didn't cite in our brief, it wasn't directly raised here, but this court's decision in the United States v. Poindexter, which is 859 U.S. 216, talks about the fact that that type of dismissal is not appealable until after final judgment, which consists of conviction and sentence in the criminal context. Which can, not must, you said can consist of. No, it must, Your Honor, with respect. See, the point is, I don't understand why you have the option, and your argument makes me wonder, why do we have the option of dismissal with prejudice? Certainly, Your Honor, a district court can, pre-trial, dismiss an indictment with prejudice. I don't dispute that. If the proper circumstances are presented, and we set them forth in our case, I'm sorry, in our brief, misconduct by the government, and a desire to harass the defendant, all those reasons we set forth. The question is, if the district court declines to do that, and dismisses without prejudice, is that immediately appealable? The Supreme Court addressed that in Parr, and said no, the defendant has to go through the adversary trial process. No, the Parr situation is on its face different. You can understand why the court would have gone that route, given the case was still continuing. It's not the same situation. Your Honor, respectfully, Parr is actually broken up into two sections, the opinion. It talks about first, let's assume that we don't have a second indictment. Let's just talk about the first indictment. And it's been dismissed. In that situation, the defendant... And the only rationale on that part of the opinion, though, is the injury point, not the finality. Well, it's both, Your Honor. It's both, respectfully. I mean, as the court says, the testing of the effect of the dismissal order must abide Petitioner's trial, and only then, if convicted, will he have been aggrieved. But that's wrapped up in finality. Right. Paragraph 1, if you view the first indictment in isolation, the problem is Petitioner has not been aggrieved. Right. Paragraph 2, if you view the two together as a single prosecution, no finality. Yes, Your Honor, but I... I think Judge Edwards is absolutely right as to the second piece of it, which just leaves you your standing or injury argument. Your Honor, I think these are wrapped up together. 1291, the finality requirements of 1291 rest on whether an appellant has been aggrieved in a way that results from finality that this court can then address the issue. In the criminal context, courts have repeatedly held that a defendant is not aggrieved as required for finality until he or she has been convicted and sentenced. That's why a number of pretrial rulings in which a defendant has been aggrieved by, for example, the exclusion of evidence, he may be aggrieved, but he hasn't been aggrieved in the finality sense. Aggrieved sounds like a standing concept, not a finality concept. So in this case, there was this discussion about expungement, and I don't see the defendants having sought expungement of a record. And the arrest here took place in Barbados, not in the United States, so any expungement of an arrest record would have to take place in Barbados. Is that right? That's right, Your Honor. And so if they were to seek expungement of the grand jury record, is that something that is in the equitable discretion of the district court to seek? Your Honor, I'm not aware of any mechanism for a district court, and that's exactly what the Supreme Court is saying to Cayley, to erase the fact of an indictment on probable cause by a properly constituted jury. Are you thinking expunge the record of, not erase the fact of, but to say the record of that is causing harm? We're not going to go into its merits, but for reasons orthogonal to its merits, having to do with perhaps misconduct, the judge thinks that it's a remedial question in terms of future-looking harms. You're just not aware one way or the other. No. The indictment has been returned. The indictment is a fact of life. It has been returned by a properly constituted grand jury. The Supreme Court has said in Cayley that is conclusive, inviolable, unreviewable by a court. Now, this is not this case, let me be clear. But if the prosecution or somebody posing as a prosecutor with a group of actors went into a grand jury and procured an indictment, we wouldn't have to deal with the Cayley question if we just said, let's take that record and expunge it. Presumably that would be an available remedy. That's going to be sealed, it's going to be expunged, whatever. It's not going to cast aspersions on the target of the indictment. I think the Supreme Court addressed that issue, I think, in Midland Asphalt, which is when Justice Scalia would probably term that something that is not even an indictment on its face. I mean, if you've got somebody who's posing as a prosecutor and is falsely obtaining an indictment from a grand jury, I think that's not an indictment on its face. But you get my point. Let's say it is a prosecutor. Let's say it's extreme misconduct and they're bringing in just made-up witnesses. They're just bringing in people that the prosecutor paid and asking the jury to credit those people. And the jury does credit those people. And they do under the process he's set up. I'm just wondering what your position is on where – there has to be some remedy for the harm that might flow from that. There is a remedy. And I'm just wondering where that would be. That's a dismissal of the indictment with prejudice. And that requires the Bank of Nova Scotia analysis, which is whether in the absence of that testimony – I mean, if Your Honor's hypothetical is that was the only evidence that was presented to the grand jury, it was all false and made up, I think a district court would have to find that in the absence of that evidence, there should not have been an indictment. But if the district court finds the opposite, that I find that an indictment was still properly returned under Bank of Nova Scotia, then we have a properly returned indictment, and that is an existence of fact that the defendant can't erase. It would have to be a dismissal of the indictment with prejudice with reasons given that it was because the evidence that ostensibly supported probable cause was false. Yes. Because just the dismissal without prejudice doesn't communicate that. Yeah, I think that's right. Suppose the indictment is dismissed without prejudice, and then the defendant goes to the district court and asks for the relief Judge Pillard is suggesting and says, I want this expunged. Would the defendant have Article III standing to make that request just based on this reputational harm from the fact of the abandoned prosecution? I don't think that the defendant would have Article III standing because although he will have a claim of a grievance, it would not be redressable by the district court in the way that the defendant is asking for it to be redressed, which is erasure. Again, I'm assuming now not a previous hypothetical of a completely fake indictment type of situation, but where if the district court finds that the indictment was otherwise properly returned by a properly returned judge. No, just as a sanction for government misconduct. No, again, Your Honor, I get that this may be a little bit hard to get around, but the cases make clear, Cayley makes clear, a district court can't erase the fact of an indictment and the finding of probable cause that supports that indictment by a properly constituted grand jury. A grand jury is a freestanding body, and the courts have trusted for centuries that the grand jury is a body. You're saying even in a situation of falsely acquired evidence that's submitted to the grand jury, which is what Judge Pillard was after the fact. Well, again, Your Honor, that would require the Bank of Nova Scotia analysis. So the answer to Judge Katz is yes, they could. The fact that it occurs a little bit later shouldn't matter if it's a falsely acquired indictment. The district court can still go through the analysis. That's why I'm perplexed. You changed the hypothetical that Judge Katz, I thought that Judge Katz has presented to you, which I don't think you liked the result that was going to follow. I apologize if I did that, Your Honor. I may have misunderstood your question. If the question is that at this point defendants return to the district court and say everything that was presented to the grand jury was perjured and false, and so I want the fact of the indictment to be expunged, I think that at that point the district court would have to conduct – again, I'm not sure exactly what the mechanism would be, the motion would be styled as. I would have to think about that. But I think regardless, the district court would have to conduct some sort of Bank of Nova Scotia analysis. So the defendant in that circumstance would have Article III standing to seek that relief before the district court? I guess that's probably right, Your Honor. Okay, so then why for Article III purposes, why would the defendant have a sufficient injury to seek that relief before the district court through that sort of motion but not have standing to appeal? The injury is the same. But we have not made a pure Article III lack of standing argument in this court. What we have done is relied on the fact that a defendant who – the cases have made clear, the Supreme Court has made clear, that a defendant whose indictment has been dismissed and stands presumptively innocent and does not have charges pending against him has not been aggrieved, has received a favorable ruling from the district court, and has not been aggrieved for purposes of appellate standing, which is a slightly different concept from pure constitutional standing in the sense of having a grievance. Which is why you don't want to untangle finality and injury. Well, I do respectfully think they are intertwined in this context, Your Honor. So I had thought that when you were responding to my earlier question, that you had said that if a prosecutor had presented false evidence, that the remedy for the defendant – and it was a situation like this, where after the indictment was dismissed, the limitations period was going to run, so there was no par prospect of retrial. But there's false evidence, and the defendant and or the court of appeals thinks that it is in the interest of justice to have the lack of support for what the grand jury did, made clear on the record. I thought your answer to me was there would be a dismissal of the indictment, and the court could give the reasons that would fix that problem by saying, you know, I grant the Rule 48 motion to dismiss the indictment because the evidence presented by the government was false. Is that right? Yes. Now, if that's appropriate, it seems to me that the same thing could be true when the indictment is dismissed without prejudice, that actually you could say, well, this prosecutor presented false evidence, but this defendant may still be a criminal, so I'm going to dismiss this without prejudice with that reason and let the government get its act together, get a new prosecutor on the case and within the time period go after this person. Again, Your Honor, I think there is a distinction between a comment in a dismissal ruling indicating that the government presented false testimony before the grand jury and then the ultimate determination whether that calls for a dismissal with prejudice or nonetheless a dismissal without prejudice. I think I'm agreeing with you on that. Okay. But then I'm wondering about whether this individual might be aggrieved by the lack of articulation of reasons that redress his complaint. And whether they've asked for that appropriately is a separate question, but just in terms of this question about finality and aggrieved, I'm just probing the United States' position on that. I suppose that defendant could be aggrieved by the lack of language that he seeks to have included in that opinion. Again, I don't think it advances the ball in the aggrieved sense for the defendant with respect to any relief that he or she might seek, tangible relief that he or she might seek. Whether without prejudice. Correct. And with respect to waving this document around and saying there was never any probable cause to indict me in the first place unless we have a ruling where the district court said I've conducted the Bank of Nova Scotia analysis and in the absence of the false or perjured testimony, there was no evidence to support the grand jury's probable cause finding. That's the only situation in which the defendant can do that. And I appreciate and understand the court's questions in all of these contexts. I will, of course, note that the district court here specifically found on the record that there was no misconduct. So we're not talking about a situation, and I've entertained the notions in all these hypotheticals of government misconduct and the presentation of false testimony and all of that, but we would vociferously deny that any of that occurred here, and the district court specifically found that it did not occur here. And we appreciate that that's your position. Are you sure that standing of the agreement issue resolved by the Supreme Court in Ford is not to be viewed as an Article III standing question, which is what you said? I don't think it's—certainly the Supreme Court didn't conceptualize it. They initialized Article III. That's true. They used agreement. Right, and I think that— And they used standing. I don't recall them using standing. I might be—I'm subject to being corrected on that, Your Honor. Yes, I'm sorry, standing to appeal, and so— Right. Right, and so this is where I was going with Judge Katz's question, which is appellate standing as being distinguished from pure Article III standing in the sense of— Where does that come from? Your Honor, I'm sorry, I don't have a case to— Yeah, no, I mean, that's a curious notion to me. You may be right, and I haven't researched it that way in recent memory, or maybe ever. I've just always assumed the notion of standing is emanating from Article III, which you may be right. Of course, I mean, there's prudential standing and constitutional standing. Well, in recent times, the Court has—since Lexmark, I mean, they're trying to wash away all these prudential motions. They're not as many as they used to be, so I'm not sure what that means either, because that would give discretion to the Court of Prudential, so they could say, well, in this case, no prudential standing. I don't think the Court's going that way. I think it's quite the opposite. It's either their cause of action or jurisdictional or not, and prudential is a fading category. So I was just curious, when you made that comment so straightforwardly, if it was absolutely clear, was there some authority you had for that? Well, Your Honor, again, I recognize that par is some 60, 70 years old now. Yeah, it's not great. It's certainly not in alignment with the way we write it now. It's all due respect to the Court. Yes, of course, due respect to the Court. It's not a model of clarity, but I do think ultimately the question is, the defendant who has obtained the dismissal of an indictment, whether on the government's motion or by the district court, the Supreme Court has made clear generally can't appeal that ruling until— I was just trying to unpack to see whether you really meant to say it isn't Article III, because the notion now is that you've got to have standing in every state litigation. If something happens, we'll look at you again, like summers. You want a part in the case. And so you had standing coming in the door, and now we're going to look to see whether you still have it. That's kind of the way we operate now, which is kind of this context, is you're still standing, now that X has happened. And so when you say to me, well, it's a prudential standing notion, and Lex Mark says, well, we don't really do that anymore, I'm not sure what you're talking about. So I'm just trying to sort it out in my mind. Yeah, just on that, I wonder how we think about this Camretta case, which is the one your opponent cites for the proposition that a prevailing party often or sometimes has standing to appeal. And the court, in the course of analyzing that, seems to say there's an Article III limit on a prevailing party's standing to appeal. And then above and beyond that, there is what the court describes as rules as a matter of practice and prudence, specifically on appellate standing. And is that the box that you're trying to fit your injury principle above and beyond Article III into? Your Honor, I apologize, I haven't fully understood. Now that I think about it, I really don't know, Your Honor, what I was trying to say. I think that's probably a fair answer to that question. One more question, at least from me. So if a district judge, in receiving a record in a case and a Rule 48 motion, thought that there were defects in the reliability of the evidence that became apparent after the grand jury acted, would it be appropriate for that district judge to say, I'm going to dismiss this indictment with or without prejudice, because defects in the record arising after the indictment make me believe that there is at least a serious question whether there was probable cause to support it. So it's sort of, I'm analogizing a little bit to a civil dismissal of a complaint without prejudice. A complaint, you show me, doesn't state a claim. I'm not saying you couldn't. So could the district court, and in fact wouldn't it be good practice for a district court to specify that what the court understands to be the reliable record as of the time of the government's motion to dismiss doesn't add up? Well, Your Honor, of course there's a, I think there's a question of whether evidence that has arisen outside of, potentially after the grand jury presentment, bears on the question of whether the grand jury had sufficient evidence before it to determine that there was probable cause to believe the defendants committed the crime. It might not. Just bracketing the grand jury and what it did at that time, the court could say it's transpired since then, and therefore as we go forward we need a valid indictment. Government recognizes that. Government's going to ask to dismiss this indictment. But just to guide everybody and sort of make clear what the state of play is, I, the district judge, think that you don't have enough. If you were going to just bring that same case tomorrow to a new grand jury. No, Your Honor. I mean, that would not, I don't think that would be permissible, and here's why. Really? That would not be, that would not be, indictments are generally dismissed for legal insufficiency. Right. Because otherwise, I mean, the government, once an indictment has been returned, has the right to bring its case before the jury and present the evidence that it has. Now, the district court has to wait until that happens before determining that there's insufficient evidence to actually find the defendants guilty beyond a reasonable doubt. If the district court is determining pre-trial that the indictment was sufficient, insufficient to find the defendants guilty beyond a reasonable doubt, that's an inappropriate use of Rule 29. If, on the other hand, as I understand it or hypothetical, the district court is concluding pre-trial that there was insufficient evidence to support the indictment, then, again, I'm not sure what sort of evidence is supporting that finding by the district court. If there was some motion, again, going back to something I've said many times, by the defendants that there was false or perjured testimony before the grand jury, then the district court would have to look at that, look at what was presented to the grand jury, and determine whether, if you excise the false or perjured testimony, there was nonetheless sufficient evidence to indict the defendants. Obviously, the district court at that point could find, no, once you excise all of the false or perjured testimony, there was insufficient evidence to indict these defendants, then at that point would dismiss the indictment. And so say, could so say, no? Yes. I thought that was my question. Maybe I missed something in translation. Okay, I'm sorry. Yes, but I didn't get in your question that there was an actual claim of claim of false and perjured testimony before the grand jury and a finding by the district court that in the absence of that testimony, there was no, there was insufficient evidence. I'm sorry, I wasn't clear. That's exactly what I was positing. Okay. And couldn't, and in fact shouldn't, the district judge so specify that the result of what we found out since the indictment is that there wasn't enough. It didn't add up. In order to indict, to reindict, it would have to be some non-false indictment. But I'm not sure, I'm sorry, this is where I'm getting, if I'm resisting you, it's only for this reason, and hopefully it's to assist you. I'm not sure how that would be based on anything that would be found out since the time of the grand jury presentment. Well, the court might not know until later, and the defendant might not know. Oh, that there was false or perjured testimony. Yeah. I'm sorry, I thought you were referring to maybe new evidence of somebody else robbed the bank or something like that. I thought you were talking about new substantive evidence, not evidence of impropriety before the grand jury. I'm sorry, yeah. So if there's a new learning of impropriety before the grand jury, that leads the court to conclude that in the absence of that impropriety, the grand jury would not have indicted them under Bank of Nova Scotia. Exactly. So typically dismissal, whether with or without prejudice, is something of a black box, but it doesn't have to be. And, in fact, sometimes it can be explained, and sometimes that explanation can guide and mitigate potential harms that might flow from that indictment. Your Honor, I hate to be here. That's all right. I hate to fight with you. I'm not trying to. I don't think we can make that final step. I don't think we can. I don't think a defendant can walk around with a document that says there were improprieties before the grand jury, and therefore I'm actually innocent. I'm exonerated of these offenses. And that's what the defendants here are. The law says a defendant can't do, if a properly constituted grand jury found probable cause, to issue an indictment. Thank you. Does Mr. Joseph have any time remaining for rebuttal? We gave Mr. Shankar a lot of time. We'll give you three minutes on rebuttal. Thank you. To agree with Judges Edwards and Fuller, there's a distinction between the relief, the raw and naked relief that you get, and the reasons that are given in the opinion that can fill out that black box. We've asked, and they didn't deny that we could ask, for declaratory relief. You can just say – and, again, this is not something where we're saying we were not at the bank when it was being brought up. This is something where they said it. It's only about two kilograms and Barbados. That means count one wasn't these guys. They said we got all the other people that did count one, the JFK interdiction. When they said this case is only about count two, that was not with respect to these defendants. Well, kind of. So there were five defendants in D.C. and three in New York. The two appellants here were dropped, not because they were the most important, but because they were the least important. That's an inference on my part. But the ringleader, supposed ringleader, was in the New York case, and he's actually in the quote. So it's not just Mr. Douglas, the guy that was here, extradited here, and then sent, but one of the original three movements, Hawksworth. Hawksworth. And they said other than vague conversations with Hawksworth about whatever, this is only about two kilograms. And they say the case, not the Douglas case. And the case there was Hawksworth, Douglas, and a gentleman named Subram. So they've admitted that. Now, maybe that's an admission against interest. I don't know. They haven't shown any evidence. There was clearly false evidence submitted to the jury. If we have to go back and do a Nova Scotia process, we will. But you can declare right now that the government has admitted that these guys didn't do it, that someone else did count one. They're only charged with count one. They didn't do it. Do you have any precedent for a court of appeals issuing any kind of declaratory relief, even close to what you're seeking? Any precedent for that? I would only say that the Bender case, which is we raised it, they didn't rebut it, so they waived it. You have the raw power under the Declaratory Judgment Act. You can declare the legal relations and other rights of any interested party with that language. Assuming there's jurisdiction. Oh, yeah, absolutely. Assuming there's jurisdiction. So can I just take you back to jurisdiction? We've asked some tough questions on the other side, but my question for you is, we do have this Supreme Court opinion in par. And it does seem to say, the first half of the opinion seems to say, if you assume only one indictment that's been dismissed without prejudice, an appeal will not lie because the petitioner has not been aggrieved. So far as petitioner standing to appeal is concerned, it makes no difference whether the dismissal leaves him open to further prosecution. He has to wait until he's re-prosecuted and convicted, and only then will he have been aggrieved. And that might or might not be consistent with other lines of cases and theories of standing and such that have evolved, Lexmark and your cases on reputational standing and so on. But the holding of the Supreme Court. So how do we get around that? We're alleging injuries that Mr. Parr didn't allege. And he was trying to get out of something. And, yes, they divided it up. I'd have to go back and look at the declarations that were submitted in par. But he didn't say, employers won't employ me. We said it, and they haven't established that Mr. Parr also said it. So, you know, standing isn't entirely legal. It's factual as well. And we put the facts in the record. I don't know if Mr. Parr did or not. It seems like it's a pretty categorical statement that aggrievement doesn't happen until re-prosecution and conviction. Whether it's a matter of Article III or whether it's just a court-made rule of appellate standing. Go ahead, I'm sorry. I don't want to cut you off if you're ready. I'm trying to think. There's court-made rules of appellate standing, and I'm trying to think if, I guess they haven't waived anything. Because those aren't jurisdictional. But I gather there's no way I can say they waived that. So, I mean, in terms of aggrievement with respect to prosecution, it doesn't happen until re-prosecution. Now, to the extent that what your clients are asserting is an accompanying harm that has to do with reasons. That's what I tried to say, yes. I, you know, I'm really not seeing in the record, notwithstanding the district judge's invitation, any motion for that accompanying sort of reason-giving relief. Okay, so the district judge had this motion pending for almost two years. And then on the eve of the hearing, he came up with an argument that he made up and dismissed us after making us wait two years. And so we filed an emergency motion for reconsideration saying we've got 14 days to appeal. Here's all the reasons why it's wrong. And the government agreed with us that his reason was wrong. He made it up just out of the blue. And so he withdrew that one. And so he's done it again here. He's made arguments they didn't make below, some of which are nonsense, some of which are just unfair. The nonsense one would be the fact that the sovereign nation of Barbados can't release or bail its citizens being held pending extradition in the United States until he issues an order dismissing the charges. He made that up without citation, just threw it in there. And so that's the notion that there's no misconduct is based on things like that. So we disagree with the government vociferously. There was, we believe, misconduct here. And in your view, it is misconduct in the Nova Scotia sense that goes to the nature of what the grand jury is. If I may, I'll certainly get to that. So we appealed because, I mean, we will get to Nova Scotia if we have to. We will move for an expungent if we have to. But we think we've got all we need right here. And if we don't, and if you're- In other words, you think you've made in the trial court enough of a request for those reasons? No, no, I'm sorry. No, we haven't gone to those steps. But the government here has admitted they didn't do it. And so we don't think we need to go there. I mean, we're certainly willing to go to Nova Scotia. And I don't have the grand jury proceedings. But obviously, there was false information there because they later said we didn't do it. But we will go there if we need to. Thank you. Thank you. Oh, I'm sorry. You know, it's interesting. As I recall, there's another jurisdictional problem here potentially. Camerata is an interesting opinion for you to cite. It's in the civil context. If you recall, I think Camerata also says that all the- It's interesting because they talk about Article III standing, but they also talk about the prudential limitations. So the court, once again, is all over the place. But in any event, in the end, they say it's moot. And if you tie that together with the reference in par, the statute of limitations may render the case moot. You've got a real problem taking your best case, Camerata, and tying its holding together with what the Supreme Court says in part in par. If nothing else, the matter's moot because of the statute of limitations. At least there's a judge looking at precedent and trying to make some sense of this. I don't see how you get past that. Okay. We cite it in the brief, and I don't know the names of the cases. I can grab them very quickly. But that's an affirmative defense. We don't have to raise it. So, I mean, if it's- Mootness is mootness. No, no. Statute of limitations is an affirmative defense. I didn't understand that. You said in the brief we would have to raise it. You're not going to raise it in order to create a risk of re-prosecution? It just doesn't make sense. Well, it was perhaps facile, and I apologize if I shouldn't have raised it. But it's there. It's been raised, and the government observes it, and we're looking at it, and we're thinking in terms of jurisdictional matters. And so you may end up with something that's moot. No, I understand. So we try to argue that the passing of the statute of limitations doesn't moot the relief we're requesting because we would have to affirmatively raise the statute of limitations. They would have to re-prosecute. Now, that's a little far-fetched. I'll grant you that. That was far-fetched. That's why I wasn't remembering. It's a very far-fetched statement. Okay, very far-fetched. Not a little. But the harms are ongoing, and the black box, however it's- whatever the judgment you call it, the black box, can explain under the Declaratory Judgment Act that the government has admitted that these guys didn't do it. The harm you allege, which you say wasn't alleged in part, is reputational injury, right? Reputational, which goes into employment, and also with Mr. Gaskin, there's immigration consequences. But that flows from the prosecution, right? The fact that they were indicted and then- Have you ever been arrested? Prosecution went forward. Sorry? That flows from the abandoned prosecution, right? I think the answer- The reason I'm asking this is we have a line of cases on reputational injury, which say that sometimes it qualifies as an Article III injury, but not when the reputational harm flows from an otherwise moot aspect of a case. So just to make that less abstract, right, a defendant who is harmed by a statute that remains on the books, that brands the defendant a child abuser, can challenge the statute, right? But it's still on the books. Or the judge who is harmed by a misconduct finding that's on the public record can challenge the misconduct finding. That seems different from what we have here, where you say your client is harmed by an indictment and or prosecution that's been abandoned and is dead as dead can be. I thought your two examples didn't align. So a misconduct finding is a factual finding. You did these things. I'm not talking about the misconduct. I'm talking about the statute in Fortitch is still on the books. Okay. Right. And so to make this analogous, it would seem to me in Fortitch you would have to have the statute that is alleged to be the bill of attainder is repealed for unknown reasons, and then the defendant comes in and says, Well, yes, but I want a declaratory judgment that it was a bill of attainder because I still have this harm of having been labeled a child molester. And we would not allow that. Sure. That seems correct. I don't know Fortitch. That seems analogous here. The prosecution has been abandoned. But it's still illegal to deal drugs, and the government still said that these guys did it, and then the government later admitted that they didn't do it. And they're fighting us for some reason. In a prosecution that's no longer pending. But it's the shadow of it still lingers in Barbados. I don't know if it should, but it does. Okay. Thank you. Stand at ease.
judges: Pillard, Katsas, Edwards